UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| LAVERE LEE-BRYANT #337291, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-247 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| MICHAEL SKYTTA, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Lavere Lee-Bryant #337291, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Michael Skytta, Sergeant Unknown Nowacki, Hearing Officer Linda Maki, Parole Board Member Miguel Berrios and Parole Board Member Laurin Thomas.  Plaintiff alleges in his complaint that on April 27, 2007, Defendant Skytta falsified a major misconduct report on Plaintiff, claiming that he had disobeyed a direct order.  According to the misconduct report, Plaintiff refused to give his meal tray back after the meal.  Plaintiff was given a hearing and was found guilty of the misconduct.  In the hearing report, Defendant Maki found:

> Prisoner claims that the officer never opened up the food slot.  The officer never claimed that she did.  It is not necessary to verify a point not in dispute. . . Prisoner heard and understood the order as the prisoner had just told the officer to get the move team down here. . . Prisoner claims that it was impossible for him to comply with the order as the officer never opened up the slot.  Prisoner made his intentions well known - he wasn't going to comply with the order.

Defendant Maki sentenced Plaintiff to ten days loss of privileges, ten days disciplinary time and a copy of the hearing report was forwarded to the Parole Board.  Plaintiff's request for rehearing was denied.  Plaintiff's request for rehearing was denied.  On August 20, 2008, Plaintiff was given a 24 month continuance from the Michigan Parole Board.  Plaintiff seeks damages and costs.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

- 2 -

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was improperly found guilty of a major misconduct, which resulted in 10 days loss of privileges, 10 days disciplinary time and the denial of parole. The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Nor does Plaintiff have a liberty interest in disciplinary credits. As recently noted by the Sixth Circuit in addressing whether the loss of disciplinary credits by a prisoner necessarily affects the length of his sentence:

> MDOC claims that Thomas's loss of disciplinary credits necessarily lengthens his sentence, and that Thomas's § 1983 claim therefore is barred under the habeas exception. However, the decision in *Ryan v. Department of Corrections,* 259 Mich.App. 26, 672 N.W.2d 535 (Mich.Ct.App.2003), belies this argument. *Ryan* notes that disciplinary "credits are explicitly tied to a prisoner's parole eligibility date and discharge date.... Thus, credits do not determine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge." *Id.* at 541. This passage and the statute's text demonstrate that, as in *Dotson,* success in Thomas's § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole. Accordingly, the habeas exception does not bar Thomas's § 1983 claim.

*Thomas v. Eby*, 481 F.3d 434, 439 -440 (6th Cir. 2007). Therefore, disciplinary credits are like the possibility of parole in that they do not necessarily affect the length of a prisoner's sentence. Consequently, Plaintiff has no liberty interest in the loss of disciplinary credits.

Furthermore, Plaintiff's complaint establishes that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). According to the allegations in Plaintiff's complaint, he received a hearing in which he was allowed to present evidence. Therefore, his complaint is properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:     12/5/08                              /s/ R. Allan Edgar
                                                R. ALLAN EDGAR
                                                UNITED STATES DISTRICT JUDGE